OPINION
{¶ 1} Appellant, Delbert G. Stewart, appeals from the August 12, 2005 judgment entry of the Portage County Municipal Court, Ravenna Division, in which he was sentenced for driving without a commercial driver's license.
 {¶ 2} Appellant was stopped on April 30, 2005, and was issued a traffic citation for driving without a commercial driver's license, a misdemeanor of the first degree, in violation of R.C.4506.03(A)(1). On May 10, 2005, appellant entered a plea of not guilty at his initial appearance.
 {¶ 3} A jury trial was held on June 16, 2005.[1]
 {¶ 4} At the trial, Sergeant Donald R. Dunbar ("Sergeant Dunbar"), with the State Highway Patrol, testified for appellee, the state of Ohio, that on April 30, 2005, he was on duty and observed a dump truck with an attached trailer traveling in excess of the posted thirty-five mile-per-hour speed limit on State Route 43, in Franklin Township, Portage County, Ohio.[2] Sergeant Dunbar activated the laser device, which revealed that appellant, the driver of the truck, was traveling ten miles over the speed limit. At that time, Sergeant Dunbar initiated a traffic stop.[3]
 {¶ 5} Sergeant Dunbar asked appellant if he had a Class A license.[4] He stated that appellant replied that he had a Class A license, but did not have it with him. He said that appellant indicated that someone else normally drove that truck for him, but since that person was unavailable, he took it upon himself to drive it that day. However, Sergeant Dunbar discovered from his in-car computer system that appellant did not have a commercial driver's license, but rather a Class D driver's license.[5] When confronted, Sergeant Dunbar testified that appellant admitted that he did not have a Class A license and that he had failed the commercial driver's license test. At that time, he issued appellant a citation for not having a commercial driver's license, as well as a warning regarding his speed. According to Sergeant Dunbar, appellant contacted an individual, Andrew Hale ("Hale"), who had a Class A license, to drive away the dump truck with attached trailer.
 {¶ 6} At the close of appellee's case, appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court.
 {¶ 7} Appellant testified that on the day at issue, he was operating the commercial motor vehicle, which he personally owns, upon a public highway for a nonbusiness purpose. On cross-examination, appellant stated that he does not own the truck and trailer personally, but rather they are registered to his company, DG Stewart Roofing and Construction. Appellant said that he does not have a commercial driver's license.
 {¶ 8} At the close of appellant's case, appellant renewed the Crim.R. 29 motion, which was again overruled by the trial court.
 {¶ 9} On June 17, 2005, the jury returned a verdict of guilty.
 {¶ 10} Following the verdict, on June 20, 2005, appellant filed a motion for acquittal pursuant to Crim.R. 29, and for a new trial under Crim.R. 33. The trial court denied appellant's motion for acquittal on July 14, 2005. On July 29, 2005, the trial court also denied appellant's motion for new trial.
 {¶ 11} Pursuant to its August 12, 2005 judgment entry, the trial court sentenced appellant to one hundred eighty days in jail, with one hundred eighty days suspended, and ordered him to pay a fine in the amount of $1,000 and all costs, with $500 of the fine suspended. The trial court indicated that the jail time and fine were suspended on the conditions that appellant complete fifty hours of community service within ninety days; successfully complete two years of supervised probation; pay the fine and costs within thirty days; and have no violation of law for a period of two years. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[6]
 {¶ 12} "[1.] The trial court and the [p]rosecution committed error prejudicial to [appellant] when it failed to sustain his NUMEROUS [Crim.R.] 29 motions for judgment of acquittal for the [o]ffense of operating a commercial vehicle without a Class A [c]ommerical [d]rivers [l]icense when no evidence to support a crime was presented, and exception to the criminal statute was not disproved.
 {¶ 13} "[2.] The [t]rial [c]ourt committed an error prejudicial to [appellant] when it did not `look to' the [p]rosecution for `its' concurrence or objection to numerous dismissal and/or acquittal motions for lack of evidence to support a conviction, prior to, during, and post the jury trial.
 {¶ 14} "[3.] The [j]ury [v]erdict of guilty was absolutely and clearly void of any testimony or evidence that fulfilled the criminal elements of [R.C.] 4506.03 and [R.C.] 4506.02 for a crime to have occurred; therefore the manifest weight of the evidence does not support a conviction pursuant to [R.C.] 4506.03 and its exceptions listed in [R.C.] 4506.02."
 {¶ 15} In his first assignment of error, appellant argues that that trial court erred when it failed to sustain his Crim.R. 29 motions. He stresses that there was no evidence to support a crime regarding operating a commercial vehicle without a Class A commercial driver's license; exception to the criminal statute, R.C. 4506.03, was not disproved; there was no intent, purpose, and/or destination of the commercial motor vehicle operation; and that the jury's guilty verdict was rendered with no elements of the crime proven.
 {¶ 16} In his second assignment of error, appellant contends that the trial court erred when it did not "look to" the prosecution for its concurrence or objection to the dismissal and/or acquittal motions for lack of evidence to support a conviction, prior to, during, and after the jury trial. He alleges that the trial judge showed judicial bias and inexperience when he did not "look" for the prosecution's concurrence or objections to the Crim.R. 29 motions. Appellant maintains that the statements of the prosecutor could be construed as malicious prosecution.
 {¶ 17} Appellant's first and second assignments of error involve the sufficiency of the evidence. Because they are interrelated, we will address them in a consolidated manner.
 {¶ 18} In State v. Bridgeman (1978), 55 Ohio St.2d 261, the Supreme Court of Ohio established the test for determining whether a Crim.R. 29 motion for acquittal is properly denied. The Supreme Court stated that "[p]ursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." Id. at syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." State v.Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, at ¶ 18.
 {¶ 19} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-14:
 {¶ 20} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 21} "`"(* * *)The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claimof insufficient evidence invokes an inquiry about due process. Itraises a question of law, the resolution of which does not allowthe court to weigh the evidence. * * *"'
 {¶ 22} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 {¶ 23} "* * * [A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." State v. March (July 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997),79 Ohio St.3d 421, 430.
 {¶ 24} R.C. 4506.03(A)(1) provides: "[n]o person shall drive a commercial motor vehicle on a highway in this state unless the person holds, and has in the person's possession, a valid commercial driver's license with proper endorsements for the motor vehicle being driven, issued by the registrar of motor vehicles, a valid examiner's commercial driving permit issued under section 4506.13 of the Revised Code, a valid restricted commercial driver's license and waiver for farm-related service industries issued under section 4506.24 of the Revised Code, or a valid commercial driver's license temporary instruction permit issued by the registrar and is accompanied by an authorized state driver's license examiner or tester or a person who has been issued and has in the person's immediate possession a current, valid commercial driver's license with proper endorsements for the motor vehicle being driven."
 {¶ 25} R.C. 4506.01(D) states in part: "* * * `commercial motor vehicle' means any motor vehicle designed or used to transport persons or property that meets any of the following qualifications:
 {¶ 26} "(1) Any combination of vehicles with a combined gross vehicle weight rating of twenty-six thousand one pounds or more, provided the gross vehicle weight rating of the vehicle or vehicles being towed is in excess of ten thousand pounds;
 {¶ 27} "(2) Any single vehicle with a gross vehicle weight rating of twenty-six thousand one pounds or more, or any such vehicle towing a vehicle having a gross vehicle weight rating that is not in excess of ten thousand pounds[.]"
 {¶ 28} Again, the evidence at trial revealed that the dump truck had a gross weight of 26,800 pounds and the trailer was well over 10,000 pounds. Both were registered as commercial vehicles and titled to DG Stewart Roofing and Construction. Thus, pursuant to R.C. 4506.01(D)(1) and (2), the truck and trailer that appellant was driving on the day at issue qualified as commercial motor vehicles. Although appellant initially stated that he had a commercial driver's license, he later admitted that he did not have a Class A license and that he failed the commercial driver's license test. Appellant alleges that his operation of the dump truck and trailer qualified as an exemption to the commercial driver's license requirement. However, appellant fails to prove his affirmative defense as set forth in former R.C. 4506.02(A)(7) and (8). Based on the evidence presented, appellant is not exempt from Ohio's licensing requirements. In addition, the record does not show any judicial bias and/or any improper statements of the prosecutor.
 {¶ 29} Pursuant to Schlee, supra, there is substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that the elements of the offense have been proven. Appellant's first and second assignments of error are without merit.
 {¶ 30} In his third assignment of error, appellant contends that the jury's guilty verdict was void of any evidence that fulfilled the criminal elements of R.C. 4506.02 and R.C. 4506.03
for a crime to have occurred. He alleges that the manifest weight of the evidence does not support a conviction pursuant to R.C.4506.03 and its exceptions under R.C. 4506.02.
 {¶ 31} In Schlee, supra, at 14-15, we stated:
 {¶ 32} "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 33} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) * * *" (Emphasis sic.)
 {¶ 34} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 35} In the instant matter, again, Sergeant Dunbar stopped appellant for traveling in excess of the posted speed limit and asked appellant if he had a Class A license. He stated that appellant replied that he did have a Class A license but that he did not have it with him. However, Sergeant Dunbar discovered that appellant did not have a commercial driver's license, but rather a Class D driver's license. Appellant contacted Hale, an individual with a Class A license, to drive the dump truck with attached trailer away.
 {¶ 36} Appellant testified that he was operating the truck and trailer upon a public highway for a nonbusiness purpose. On cross-examination, appellant stated that he does not own the truck and trailer personally, but rather they are registered to his company, DG Stewart Roofing and Construction. Appellant said that he does not have a commercial driver's license.
 {¶ 37} Pursuant to Schlee and Thompkins, supra, the jury did not clearly lose its way in convicting appellant of driving without a commercial driver's license. Appellant's third assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
O'Neill, J., Grendell, J., concur.
[1] Appellant voluntarily waived his right to counsel, and Attorney Charles Shinn was appointed as standby counsel.
[2] Exhibits admitted at trial established that the dump truck had a gross weight of 26,800 pounds and the trailer was well over 10,000 pounds. Both were registered as commercial vehicles and titled to DG Stewart Roofing and Construction.
[3] An onboard video camera recorded the encounter and was played for the jury.
[4] A Class A license is a commercial driver's license which allows an individual to drive a truck with a gross vehicle weight rating of 26,001 pounds or more, with a trailer included in that combination in excess of 10,001 gross vehicle weight rating.
[5] A Class D license is a regular driver's license which allows an individual to operate a passenger vehicle.
[6] Appellant's sentence was stayed pending appeal.